UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

AUDREY SWANN
25260 Budds Creek Road
Chaptico, Maryland 20621

      Plaintiff,

      v.                     Civil Action No.

OFFICE OF THE ARCHITECT OF THE CAPITOL
United States Capitol Building
Washington, D.C.

      Defendant.

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Audrey Swann, and for her Complaint against the Defendant, shows this Court the following:

### NATURE OF THE ACTION AND
### PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. This action, pursuant to Plaintiff's Request for Counseling in Case No. 12-AC-78(CV, RP) is based on discrimination based on Plaintiff's female sex and gender by Defendant in unlawful violation of 2 U.S.C. 1311(a)(1) of the Congressional Accountability Act, "CAA."

2. This action, pursuant to Plaintiff's Request for Counseling in Case No. 12-AC-78(CV, RP) is further based on intimidation, reprisal and "otherwise discrimination" based on the termination of the Plaintiff and procedures respecting the termination of the Plaintiff by Defendant in unlawful violation of 2 U.S.C. 1317(a) of the CAA based on Plaintiff's on going participation in federally protected activities pursuant to Plaintiff's respective prosecutions of her Request for Counseling in Case No. 08-AC-57(CV, RP), now pending in the United States Court of Appeals for the District

of Columbia in USCA No.13-5100 based on dismissal of Civil Action No. 1:09-cv-01586(RLW),

"*Swann I,*" then commencing mediation in the District Court; Request for Counseling in Case No.

10-AC-77(CV, RP), now pending in the United States Court of Appeals for the District of Columbia

in USCA No.13-5102 based on dismissal of Civil Action No. 1:11-cv-00419(RLW), "*Swann II,*"

then commencing mediation in the District Court; and, her contemporaneous prosecution of her

Request for Counseling in Case No. 12-AC-36 in the Office of Compliance in March/April, 2012.

3.   Plaintiff, as an employee from April 30, 2007 - April 30, 2012, was a WG-2805-08

Electrical Worker in the Electric Shop of the House Office Buildings, "HOB," and is a covered

employee pursuant to 2 U.S.C. 1301(3)(F) of the CAA.

4.   On September 24, 2012, Plaintiff timely filed a "Request for Counseling" in Case No. 12-

AC-78(CV, RP) with the Office of Compliance pursuant to 2 U.S.C. 1402 of the CAA based on

unlawful discriminatory employment practices in violation of 2 U.S.C. 1311(a)(1) of the CAA and

unlawful retaliatory employment practices in violation of 2 U.S.C. 1317(a) of the CAA.

5.   The counseling period ended on October 24, 2012.

6.   Plaintiff timely requested mediation pursuant to 2 U.S.C. 1403 of the CAA.

7.   The mediation period began on November 2, 2012 and ended on March 8, 2013.

8.   Plaintiff, pursuant to 2 U.S.C. 1404 of the CAA, timely files this Complaint with the

Court within 90 days of receipt on April 19, 2013, of the April 12, 2013, "End of Mediation Notice"

of the Office of Compliance in Case No. 12-AC-78(CV, RP).

## FACTUAL BACKGROUND

9.   Plaintiff, pursuant to Chapter 335, Defendant's Staffing and Classification policy, was

vetted by the Defendant's Human Resources Management Division, pursuant to her two applications

2

for employment with Defendant; respectively for her Davis Bacon position in the Capitol Buildings as an Electrician and her Electrical Worker, WG-08 position in the Electric Division of the House Office Buildings.

10.  Plaintiff, on April 30, 2007, African American and female, pursuant to a competitive Vacancy Announcement implemented pursuant to Defendant's Staffing and Classification policy, Chapter 335, was appointed as a WG-2805-08 Step 2 Electrical Worker in the Electric Shop of the House Office Buildings of Defendant, "HOB."

11.  Plaintiff, at the time of the commencement and termination of her employment was the only female in the Electric Shop of the HOB's.

12.  At all pertinent times herein, April 30, 2007 - April 30, 2012,  Plaintiff timely received within grade increases.

13. At all pertinent times herein, April 30, 2007 - April 30, 2012,  Plaintiff was rated as "fully successful" on her Performance Evaluations conducted pursuant to the Architect of the Capitol's Personnel Manual Chapter 430 - Performance Evaluations Systems, "Chapter 430."

14.  At all pertinent times herein, April 30, 2007 - April 30, 2012,  Plaintiff received merit awards based on the quality of her performance of her position.

15.  Respondent provided Plaintiff with all necessary training commensurate with her skill sets and position description.

16.  On January 12, 2012, the Office of Inspector General of the Architect of the Capitol, "OIG-AOC," received an anonymous letter alleging in part that:

a.  The author and others in the shop were constantly having issues with the Plaintiff;

b.  The Plaintiff had not worked as an electrician with the companies listed on her resume;

3

c. The Plaintiff used the resume of her ex-husband to get an electrical job with the Architect of the Capitol;

d. Electricians in the shop must constantly to go the Plaintiff's jobs and make repairs on her work.

e. Electricians in the shop tried to teach the Plaintiff the electrical trade;

f. Electricians in the shop had to complete most of the tasks or projects assigned to the Plaintiff;

g. Electricians were worried about safety and electrical hazards associated with the Plaintiff's work;

h. The Plaintiff's job description included duties requiring more knowledge than the Plaintiff "claimed to possess;"

i. The Plaintiff did not work at her prior employment listed on her resume and was not a member of the IBEW Local 26.

17. The OIG initiated its investigation on January 20, 2012.

18. The Plaintiff was initially interviewed on February 7, 2012.

19. The Plaintiff was again interviewed on February 21, 2012.

20. The OIG-AOC issued its Interim Report of Investigation on March 21, 2012, identified as "AOC OIG Case # 12-07-I (Ms. Audrey E. Swann), "Interim Report."

21. The investigation by the OIG-AOC remained open until subpoenas were returned.

22. The Interim Report was sent to William M. Weidemeyer, Superintendent of the House Office Buildings on March 21, 2012, with copies absent exhibits to Architect Ayers; Chief Operating Officer Merdon; Chief Administrative Officer Ferguson; General Counsel Kushner; and Chief

4

Human Capitol Officer Bailey.

23. The Plaintiff was not notified that the Interim Report was issued and sent to the employees identified in Paragraph 21 herein.

24. The Plaintiff was not provided a copy of the Interim Report pursuant to its issuance on March 21, 2012.

25. On March 30, 2012, three days subsequent to Plaintiff's deposition of Mr. Weidemeyer Superintendent of the House Office Buildings and three days before Plaintiff took the deposition of Teresa Bailey, Chief Human Capitol Management Division, pursuant to discovery in *Swann I* and *Swann II*, pursuant to the Administrative Dispute Resolution Procedures of the CAA, Plaintiff was notified by March 30, 2012, letter of Architect Ayers that she was terminated from her employment and terminated from her due process interest in employment with Defendant effective April 13, 2012.

26. Architect Ayers based his decision to terminate the Plaintiff "based on the results of a recent investigation by the Inspector General, wherein the Inspector General found that [she] had falsified [her] applications of employment with the Architect of the Capitol."

27. Architect Ayers, by said letter of March 30, 2012 "based on the results of a recent investigation by the Inspector General," further stated that "had [his] office known of your falsified applications, you would not have been hired originally, nor would you have been given your current position."

28. Architect Ayers, by said letter of March 30, 2012 "based on the results of a recent investigation by the Inspector General," further stated that "[B]ecause of the fact [identified in Paragraph 8 herein], this action is excluded from the Discipline Order, AOC Order 752, Subchapter

1.6.2."

29. Architect Ayers, by said letter of March 30, 2012 "based on the results of a recent investigation by the Inspector General," providing an *ad hoc* procedure, further stated that "[N]evertheless, [he] will give [the Plaintiff] the opportunity to provide evidence that the Inspector General's findings should not lead to your termination," pursuant to the following process."

30. Architect Ayers, by said letter of March 30, 2012 "based on the results of a recent investigation by the Inspector General," provided the following process:

"If you wish to show that there is insufficient cause to terminate your employment, you must respond to this notice, with the evidence that you did not falsify your application, within 10 workdays of your receipt of this notice. This is your opportunity to show that my decision is not justified and to give the reasons supporting your contentions. Your response must be addressed to me, in writing, c/o Robert Wied, Deputy Chief Human Capitol Officer for Operations, Ford House Office Building, Room, H2-295, 2nd and D Streets, S.W. Washington, DC. 20515.  To avoid mail delays, please hand deliver or fax your response to 202.226.8889."

31. Architect Ayers, by said letter of March 30, 2012 "based on the results of a recent investigation by the Inspector General," further notified the Plaintiff that "[He] will advise [the Plaintiff] promptly after [he] received [her] response, if any.  If you do not respond, your termination will be effective the close of business on April 13, 2012."

32. By letter of March 30, 2012 "based on the results of a recent investigation by the Inspector General," Plaintiff was notified by Teresa R. Bailey, Chief Human Capitol Officer, "CHCO," that the plaintiff was "[placed] on paid administrative leave, effective immediately and shall remain on paid administrative leave until April 13, 2012, the effective date of her termination."

33. The Plaintiff was further advised by Chief Bailey's letter of March 30, 2012, "to turn in her identification badge, keys and any other AOC property in [her] possession before [her] departure on March 30, 2012."

34. Chief Bailey's letter of March 30, 2012 notified the Plaintiff that she "was not to be on any non-public grounds or in any non-public areas of buildings maintained by or under the authority of the AOC."

35. Chief Bailey's letter of March 30, 2012, further notified that the Plaintiff "may telephone Evelyn Goodwin, Chief, Employee Relations Branch, at 202.225.1749, if [she had] any questions."

36. Architect Ayers, by his March 30, 2012, termination letter, did not provide the Plaintiff with a copy of the specific conclusions and/or determinations made by Office of the Inspector General of the Office of the Architect of the Capitol, "OIG-AOC."

37. Architect Ayers, by his March 30, 2012, termination letter, did not provide the Plaintiff with a copy of the "Report of Investigation–Interim–AOC IG 120-07-I of March 2012," "Interim Report," provided Architect Ayers; the support for the termination of the Plaintiff.

38. Architect Ayers, by his March 30, 2012, termination letter, neither identified nor provided the Plaintiff with the conclusions of the Office of the Inspector General of the Office of the Architect of the Capitol, "OIG-AOC," allegedly contained in the Interim Report.

39. Architect Ayers, by his March 30, 2012, termination letter, did not identify with any specificity what information provided by Ms. Swann was allegedly falsified on her respective applications.

40. Architect Ayers, by his March 30, 2012, termination letter, did not identify with any specificity what information provided by the Plaintiff was allegedly falsified on her respective applications which would have precluded the hiring of the Plaintiff.

41. Architect Ayers, by his March 30, 2012, termination letter, neither identified nor

provided the Plaintiff with a copy of the supporting evidence which supported the unidentified specific conclusions made by the OIG-AOC respecting Ms. Swann's alleged falsification of information on her two applications for employment with the Office of the Architect of the Capitol.

42. Architect Ayers, by his March 30, 2012, termination letter, did not identify the statutory and legal authority on which the termination of the Plaintiff from her employment with the Office of the Architect of the Capitol was based.

43. Architect Ayers, by his March 30, 2012, termination letter, did not provide the Plaintiff with a copy of the Chapter 752 allegedly providing support for depriving the Plaintiff of a due process hearing based on the charges in said March 30, 2012 letter of termination.

44. By e-mail of March 30, 2012, the Plaintiff notified Architect Ayers that she was going to file a Request for Counseling with the Office of Compliance based in part on the deposition testimony of Superintendent Weidemeyer pursuant to discovery in her respective District Court Complaints in Civil Action No. 1:09-cv-01586(RLW) and Civil Action No. 1:11-cv-00419(RLW).

45. By e-mail of April 2, 2012, Ms. Swann requested a copy of the Report of Investigation and copy of the transcript of her interrogation by OIG Senior Special Agent James Wilson of the OIG-AOC on February 7, 2012 in the Office of the OIG-AOC.

46. Plaintiff, by e-mail of April 2, 2012 sent to Architect Ayers with a copy to Robert Wied, Deputy Chief Human Capitol Officer for Operations, demanded a copy of the "information," "documentation" and "evidence" referred to in the March 30, 2012 termination letter of Architect Ayers used to support the Plaintiff's termination, including, identification of the information alleged falsified by the Plaintiff as determined by the Inspector General.

47. Plaintiff, by said e-mail of April 2, 2012, informed Architect Ayers that "[A]bsent a copy

of said "information," "documentation" and "evidence" identified in [his] letter and used in support of terminating [the Plaintiff from her ] due process interest in employment with the Office of the Architect of the Capitol, [she was] unable to "show that there is insufficient cause to terminate [her] employment" nor "show that [his] decision [was] not justified and to give the reasons supporting [her] contention."

48. Plaintiff, based on the shortness of time and absence of the "information," "documentation" and "evidence" sent the letter to Architect Ayers by e-mail, and further made demand that Architect Ayers respond with said necessary "information," "documentation" and "evidence" within three working days from receipt of said April 2, 2012 letter.

49. Plaintiff included in her e-mail her contact telephone number and web address to arrange for her receipt of said necessary "information," "documentation" and "evidence."

50. Plaintiff, by e-mail of April 4, 2012 to Architect Ayers with copy to Robert Weid requested a copy of the anonymous complaint submitted to and received by the Inspector General alleging misconduct by the Plaintiff.

51. Plaintiff, by e-mail of April 4, 2012, sent to Architect Ayers with copy to Robert Weid on August 5, 2012, requested a copy of the entire file generated pursuant to the investigation of the Plaintiff by the Inspector General pursuant to its receipt of an anonymous complaint submitted to and received by the Inspector General alleging misconduct by the Plaintiff.

52. Teresa Bailey, by e-mail of April 4, 2012, advised the Plaintiff a copy of the report of the Office of Inspector General was available for the Plaintiff in the office of Teresa Bailey.

53. On April 4, 2012, Director Bailey, Chief Human Capitol Officer for Operations of the Chief Administrative Office of the Office of the Architect of the Capitol provided Ms. Swann with

a copy of what is now identified as an "Interim Report of Investigation by the Office of the Inspector General of the Office of the Architect of the Capitol" and a copy of the transcript of her interrogation by OIG Senior Special Agent Wilson of the OIG-AOC on February 7, 2012.

54. Plaintiff picked up a copy of the report of the Office of Inspector General on April 4, 2012, provided for her in the office of Teresa Bailey.

55  Plaintiff, by e-mail of April 4, 2012, sent to  Architect Ayers with copy to Robert Weid on August 5, 2012, made the additional requests for documentation set forth below:

A. a copy of the mail delivered anonymous hearsay complaint received by the Office of Inspector General of the Office of the Architect of the Capitol alleging misconduct by me; "OIG-AOC."

B. a copy of the entire file generated pursuant to the investigation of me by the OIG-AOC pursuant to receipt of the anonymous hearsay complaint alleging misconduct by me submitted to the OlG-AOC by Post Office mail delivery.

C. a copy of the transcript and or notes, of the interviews by the OIG-AOC. With an Betty Beach, Mike Young, Mr. Larry Brown, Mr. Dwayne Thomas, Mr. Chris King, Mr. Rhatt A. Roe, Mr. Sean Cox and Mr Daniel Murphy

D. a copy of any statements provided by anyone from a statement was requested

E. a copy of the SUBJECT'S personnel recorders respecting her employment that were received and reviewed by the OIG-AOC on January 26, 2012

F. a copy of all other personnel records provided the OIG-AOC on any other occasion and from whatever source respecting the SUBJECT

G. a copy of the subpoena served on the registrar's office of the college of southern Maryland

and any materials received there from

H. a copy of the subpoena served on the International Brotherhood of Electrical Workers Local 26 and any materials received there from

I. all copies of any photos and other materials taken from the SUBJECT's Facebook page pursuant to the investigation by the OIG-AOC including but not limited to the photo of the SUBJECT in a bathing suit: the results of the "HIGH BEAM RESEARCH SEARCH" conducted on the name John Malootian

J. a copy of the Law Enforcement Lexis Nexis search conducted for I&B Electric Operating from 7100 Killarney Dr. Clinton, Maryland 20735

K. a copy of any and all other documents, interviews, transcripts, statements by individuals, not referenced in the interim report of investigation in AOC case #12-07-l(Ms. Audrey E. Swann) and contained in the files of the OIG-AOC

56. Plaintiff, by e-mail of April 4, 2012, sent to Architect Ayers with copy to Robert Weid on August 5, 2012, further advised that "[I]n the event an individual request is denied provide the reason(s) for said denial and identify the statute regulation rule and or policy in support of your denying said individual request. In the event an individual request is denied based on privilege or confidentiality or otherwise subject to a protection identify the privileged confidentiality or protection supporting your denial and identify the statute regulation rule and or policy in support of the privilege, confidentiality or protection.

57. Plaintiff further advised that "[B]oth a copy of said anonymous hearsay complaint alleging misconduct by [the Plaintiff] and a copy of the entire file generated pursuant to the investigation of [the Plaintiff ] by the OIG-AOC, AOC case #12-07-I [were] critical for [Plaintiff's]

response to [the Architect's ] March 30, 2012 letter notifying [the Plaintiff] of [her] termination.

58.  The Plaintiff additionally advised and notified Architect Ayers that "[T]he conclusions in the Interim Report of investigation by the OIG-AOC, Re: AOC case #12-07-I absent the evidence in support thereof identified in Paragraphs of A-K above, interferes with and deprives [the Plaintiff] of the opportunity to provide a reasoned response to [the Architect's] March 30, 2012 letter notifying [the Plaintiff] of her termination effective April 13, 2012.

59.  Plaintiff requested an immediate response to her requests for information.

60.  Plaintiff, by letter of her counsel of April 10, 2012, timely responded to the March 30, 2012, notice of termination issued by Architect Ayrs.

61.  Teresa Bailey, by e-mail of April 12, 2012, addressed to Plaintiff's counsel and sent to Plaintiff and her counsel, advised that the Interim Report and whatever records were attached to the Interim Report of the Office of Inspector General, were all the records the IG will disclose to the Plaintiff, pursuant to 2 U.S.C. 1808.

62.  Teresa Bailey, by said e-mail of April 12, 2012, further stated "[T]here is nothing further for the AOC to disclose in this matter."

63.  Plaintiff, by return e-mail of to Architect Ayers on April 16, 2012, advised that the refusal to provide the Plaintiff with the information and documentation she requested, deprived the Plaintiff of her substantive and procedural due process property interest in employment with the AOC.

64.  Plaintiff further noted that her repeated requests for information was directed to the Architect of the Capitol, not the Office of the Inspector General.

65.  Teresa Bailey, by her e-mail of April 17, 2012, on behalf of Architect Ayers, thereafter

12

notified the Plaintiff that the AOC, pursuant to the April 16, 2012 request for information made by the Plaintiff, would not provide any information additional to the Inspector General's report received by the Plaintiff.

66. The response by Teresa Bailey on behalf of Architect Ayers was provided the Plaintiff twelve days subsequent to Plaintiff's initial time sensitive request for information.

67. Architect Ayers, by letter of April 23, 2012, unable to successfully rebut the arguments presented by the Plaintiff in response to the unsubstantiated facts supporting the March 30, 2012 termination of the Plaintiff from her employment and due process interest in employment with Defendant, terminated the Plaintiff effective April 30, 2012, not on the basis of the original "charge" supported only by an anonymous hearsay "complaint," but on a "new charge."

68. The Plaintiff was not provided a due process opportunity to respond to the "new" charge identified and used by Architect Ayers to terminate the Plaintiff.

69. The Plaintiff was not provided with her due process entitlements, *i.e.* a hearing, pursuant to Defendant's Chapter 752 and the "new" charge identified in said April 23, 2012 letter of Architect Ayers providing the basis for Plaintiff's termination.

70. Plaintiff, by e-mail of April 27, 2012, advised Architect Ayers, that pursuant to mediation in the Office of Compliance, a demand was made on April 25, 2012, for settlement of Case No. 12-AC-36 and that an offer was never proffered.

71. Plaintiff, by her e-mail of April 27, 2012, advised Architect Ayers that she received a letter of termination on April 26, 2012 effective April 30, 2012.

72. Plaintiff, by e-mail of April 29, 2012, advised Architect Ayers that his failure to provided the information requested in Paragraphs A-K of her April 4, 2012 letter referencing the

OIG Interim Report of 12-07-I, deprived the plaintiff of her due process entitlements respecting termination.

73. Plaintiff, by e-mail of April 29, 2012, further advised Architect Ayers that his failure to identify the authority for depriving the Plaintiff of a Chapter 752 due process hearing pursuant to his termination letter of March 30, 2012 effective April 13, 2012 and his letter thereafter of April 23, 2012 implementing the termination effective April 30, 2012, deprived the Plaintiff of her due process entitlements respecting her termination.

### COUNT I:  UNLAWFUL RETALIATION BASED ON PLAINTIFF'S ON GOING PARTICIPATION IN FEDERALLY PROTECTED ACTIVITIES IN UNLAWFUL VIOLATION OF 2 U.S.C. 1317(a) OF THE CAA: INVESTIGATION BY THE OIG-AOC OF AN ANONYMOUS REPORT/COMPLAINT; AND ISSUANCE OF ITS INTERIM REPORT

74. The Plaintiff incorporates by reference and makes a part hereof each and every allegation set forth in Paragraph 1 through Paragraph 73 of this Complaint as though fully set forth herein.

75. The activities described in Paragraph 1 through Paragraph 74 herein this Complaint respecting the investigation by the OIG-AOC of an anonymous report/complaint and issuance of its March 21, 2012, Interim Report were unlawful retaliatory employment activities based on Plaintiff's prior and contemporaneous participation in federally protected activities in the Office of Compliance and the District Court and were taken by Defendant in violation of 2 U.S.C. 1317(a) of the CAA.

76. The investigation by the OIG-AOC of an anonymous report/complaint and issuance of its March 21, 2012 Interim Report were unlawful retaliatory employment activity reasonably likely to deter and chill participation in federally protected activities.

77. There was a causal connection between Plaintiff's prior and contemporaneous participation in federally protected activities pursuant to her prosecution of *Swann I* and *Swann II*

14

in the District Court and prosecution of Case No. 12-AC-36 in the Office of Compliance and the

the investigation by the OIG-AOC of an anonymous report/complaint and issuance of its March 21,

2013 Interim Report; retaliatory employer conduct designed to deter the Plaintiff, from opposing

discriminatory and retaliatory employment activities.

78.   The effect of the retaliatory employment conduct taken by Defendant as set forth

hereinabove in this Complaint was to adversely affect and alter the terms and conditions and

privileges of Plaintiff's employment and her employment status within the instrumentality.

79.   As a direct and proximate cause of the unlawful retaliatory employment activities taken

as set forth hereinabove Plaintiff has suffered and continues to suffer damages, including but not

limited to lost wages, attorney's fees, emotional distress and other damages.

**COUNT II:  UNLAWFUL RETALIATION BASED ON PLAINTIFF'S
ON GOING PARTICIPATION IN FEDERALLY PROTECTED ACTIVITIES
IN UNLAWFUL VIOLATION OF 2 U.S.C. 1317(a) OF THE CAA:
THE ABSENCE OF EVIDENCE IN  SUPPORT FOR THE CONCLUSIONS
THEREIN AND ISSUANCE THEREOF OF THE
MARCH 21, 2012 INTERIM REPORT OF THE OIG-AOC
USED AS SUPPORT BY THE ARCHITECT OF THE CAPITOL FOR THE
ISSUANCE OF THE MARCH 30, 2012, TERMINATION OF THE PLAINTIFF**

80.   The Plaintiff incorporates by reference and makes a part hereof each and every

allegation set forth in Paragraph 1 through Paragraph 79 of this Complaint as though fully set forth

herein.

81.   The activities described in Paragraph 1 through Paragraph 80 herein this Complaint

respecting the absence of evidence in support for the conclusions therein and issuance thereof of the

March 21, 2012 Interim Report of the OIG-AOC used as support by the Architect of the Capitol for

the issuance of the March 30, 2012 letter of termination of the Plaintiff was an unlawful retaliatory

employment activities based on Plaintiff's prior and contemporaneous participation in federally protected activities in the Office of Compliance and the District Court and were taken by Defendant in violation of 2 U.S.C. 1317(a) of the CAA.

82. The absence of evidence in support for the conclusions therein and issuance thereof of the March 21, 2012 Interim Report of the OIG-AOC used as support by the Architect of the Capitol for the issuance of the March 30, 2012 letter of termination of the Plaintiff was an unlawful retaliatory employment activity reasonably likely to deter and chill participation in federally protected activities.

83. There was a causal connection between Plaintiff's prior and contemporaneous participation in federally protected activities pursuant to her prosecution of *Swann I* and *Swann II* in the District Court and prosecution of Case No. 12-AC-36 in the Office of Compliance and the absence of evidence in support for the conclusions therein and issuance thereof of the March 21, 2012 Interim Report of the OIG-AOC used as support by the Architect of the Capitol for the issuance of the March 30, 2012 letter of termination of the Plaintiff; retaliatory employer conduct designed to deter the Plaintiff, from opposing discriminatory and retaliatory employment activities.

84. The effect of the retaliatory employment conduct taken by Defendant as set forth hereinabove in this Complaint was to adversely affect and alter the terms and conditions and privileges of Plaintiff's employment and her employment status within the instrumentality.

85. As a direct and proximate cause of the unlawful retaliatory employment activities taken as set forth hereinabove Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees, emotional distress and other damages.

**COUNT III:  UNLAWFUL RETALIATION BASED ON PLAINTIFF'S
ON GOING PARTICIPATION IN FEDERALLY PROTECTED ACTIVITIES
IN UNLAWFUL VIOLATION OF 2 U.S.C. 1317(a) OF THE CAA:
THE MARCH 30, 2012, TERMINATION OF THE PLAINTIFF
EFFECTIVE APRIL 13, 2012, BASED ON THE
MARCH 21, 2012, INTERIM REPORT OF THE OIG-AOC**

86. The Plaintiff incorporates by reference and makes a part hereof each and every

allegation set forth in Paragraph 1 through Paragraph 85 of this Complaint as though fully set forth

herein.

87.  The activities described in Paragraph 1 through Paragraph 86 herein this Complaint

respecting the March 30, 2013, termination of the Plaintiff effective April 13, 2012, based on the

March 21, 2012 Interim Report of the OIG-AOC were unlawful retaliatory employment activities

based on Plaintiff's prior and contemporaneous participation in federally protected activities in the

Office of Compliance and the District Court and were taken by Defendant in violation of 2 U.S.C.

1317(a) of the CAA.

88.  The March 30, 2013, termination of the Plaintiff effective April 13, 2012, based on the

March 21, 2012 Interim Report of the OIG-AOC was an unlawful retaliatory employment activity

reasonably likely to deter and chill participation in federally protected activities.

89.  There was a causal connection between Plaintiff's prior and contemporaneous

participation in federally protected activities pursuant to her prosecution of *Swann I* and *Swann II*

in the District Court and prosecution of Case No. 12-AC-36 in the Office of Compliance and the

issuance by Architect Ayers of his March 30, 2012 letter of termination of the Plaintiff effective

April 13, 2012, based on the March 21, 2012 Interim Report of the OIG-AOC; retaliatory employer

conduct designed to deter the Plaintiff, from opposing discriminatory and retaliatory employment

17

activities.

90. The effect of the retaliatory employment conduct taken by Defendant as set forth hereinabove in this Complaint was to adversely affect and alter the terms and conditions and privileges of Plaintiff's employment and her employment status within the instrumentality.

91. As a direct and proximate cause of the unlawful retaliatory employment activities taken as set forth hereinabove Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees, emotional distress and other damages.

**COUNT IV:  UNLAWFUL RETALIATION BASED ON PLAINTIFF'S ON GOING PARTICIPATION IN FEDERALLY PROTECTED ACTIVITIES IN UNLAWFUL VIOLATION OF 2 U.S.C. 1317(a) OF THE CAA: THE PLACEMENT OF THE PLAINTIFF ON ADMINISTRATIVE LEAVE FROM MARCH 30, 2012 - APRIL 13, 2012, PURSUANT TO THE MARCH 30, 2012, TERMINATION OF THE PLAINTIFF EFFECTIVE APRIL 13, 2012, BASED ON THE MARCH 21, 2012, INTERIM REPORT OF THE OIG-AOC**

92. The Plaintiff incorporates by reference and makes a part hereof each and every allegation set forth in Paragraph 1 through Paragraph 91 of this Complaint as though fully set forth herein.

93. The activities described in Paragraph 1 through Paragraph 92 herein this Complaint respecting the placement of the Plaintiff on administrative leave for the period of March 30, 2012 through April 13, 2012, pursuant to the March 30, 2013, termination of the Plaintiff effective April 13, 2012, based on the March 21, 2012 Interim Report of the OIG-AOC were unlawful retaliatory employment activities based on Plaintiff's prior and contemporaneous participation in federally protected activities in the Office of Compliance and the District Court and were taken by Defendant in violation of 2 U.S.C. 1317(a) of the CAA.

94. The placement of the Plaintiff on administrative leave for the period of March 30, 2012

through April 13, 2012, pursuant to the March 30, 2013, termination of the Plaintiff effective April 13, 2012 based on the March 21, 2012 Interim Report of the OIG-AOC was an unlawful retaliatory employment activity reasonably likely to deter and chill participation in federally protected activities.

95. There was a causal connection between Plaintiff's prior and contemporaneous participation in federally protected activities pursuant to her prosecution of *Swann I* and *Swann II* in the District Court and prosecution of Case No. 12-AC-36 in the Office of Compliance and the placement of the Plaintiff on administrative leave for the period of March 30, 2012 through April 13, 2012, pursuant to the issuance by Architect Ayers of his March 30, 2012 letter of termination of the Plaintiff effective April 13, 2012 based on the March 21, 2012 Interim Report of the OIG-AOC; retaliatory employer conduct designed to deter the Plaintiff, from opposing discriminatory and retaliatory employment activities.

96. The effect of the retaliatory employment conduct taken by Defendant as set forth hereinabove in this Complaint was to adversely affect and alter the terms and conditions and privileges of Plaintiff's employment and her employment status within the instrumentality.

97. As a direct and proximate cause of the unlawful retaliatory employment activities taken as set forth hereinabove Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees, emotional distress and other damages.

**COUNT V:  UNLAWFUL RETALIATION BASED ON PLAINTIFF'S
ON GOING PARTICIPATION IN FEDERALLY PROTECTED ACTIVITIES
IN UNLAWFUL VIOLATION OF 2 U.S.C. 1317(a) OF THE CAA:
DEPRIVING THE PLAINTIFF OF HER DUE PROCESS ENTITLEMENTS
PURSUANT TO CHAPTER 752 PURSUANT TO THE MARCH 30, 2012
TERMINATION LETTER OF THE PLAINTIFF, BASED ON THE
MARCH 21, 2012 INTERIM REPORT OF THE OIG-AOC**

98. The Plaintiff incorporates by reference and makes a part hereof each and every allegation

set forth in Paragraph 1 through Paragraph 97 of this Complaint as though fully set forth herein.

99. The activities described in Paragraph 1 through Paragraph 98 herein this Complaint respecting the Defendant's depriving the Plaintiff of her due process entitlements and a due process hearing pursuant to Defendant's Chapter 752 with respect to the March 30, 2012 letter terminating the Plaintiff effective April 13, 2012, based on the March 21, 2012 Interim Report of the OIG-AOC, were unlawful retaliatory employment activities based on Plaintiff's prior and contemporaneous participation in federally protected activities in the Office of Compliance and the District Court and were taken by Defendant in violation of 2 U.S.C. 1317(a) of the CAA.

100. Defendant's depriving the Plaintiff of her entitlement to a due process entitlements and a due process hearing pursuant to Defendant's Chapter 752 with respect to the March 30, 2012 letter terminating the Plaintiff effective April 13, 2012, based on the March 21, 2012 Interim Report of the OIG-AOC, was an unlawful retaliatory employment activity reasonably likely to deter and chill participation in federally protected activities.

101. There was a causal connection between Plaintiff's prior and contemporaneous participation in federally protected activities pursuant to her prosecution of *Swann I* and *Swann II* in the District Court and prosecution of Case No. 12-AC-36 in the Office of Compliance and Defendant's depriving the Plaintiff of her entitlement to a due process entitlements and a due process hearing pursuant to Defendant's Chapter 752 with respect to the March 30, 2012 letter terminating the Plaintiff effective April 13, 2012, based on the March 21, 2012 Interim Report of the OIG-AOC; retaliatory employer conduct designed to deter the Plaintiff, from opposing discriminatory and retaliatory employment activities.

102. The effect of the retaliatory employment conduct taken by Defendant as set forth

hereinabove in this Complaint was to adversely affect and alter the terms and conditions and privileges of Plaintiff's employment and her employment status within the instrumentality.

103. As a direct and proximate cause of the unlawful retaliatory employment activities taken as set forth hereinabove Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees, emotional distress and other damages.

**COUNT VI:  UNLAWFUL RETALIATION BASED ON PLAINTIFF'S**
**ON GOING PARTICIPATION IN FEDERALLY PROTECTED ACTIVITIES**
**IN UNLAWFUL VIOLATION OF 2 U.S.C. 1317(a) OF THE CAA:**
**REFUSAL TO PROVIDE THE PLAINTIFF,  PURSUANT TO HER REQUEST OF**
**APRIL 4, 2012, THE EVIDENCE AND DOCUMENTATION RELIED UPON BY AND**
**USED AS SUPPORT FOR THE ISSUANCE BY THE ARCHITECT OF THE CAPITOL**
**OF THE MARCH 30, 2012, TERMINATION LETTER OF THE PLAINTIFF**
**BASED ON THE MARCH 21, 2012 INTERIM REPORT OF THE OIG-AOC**

104. The Plaintiff incorporates by reference and makes a part hereof each and every allegation set forth in Paragraph 1 through Paragraph 103 of this Complaint as though fully set forth herein.

105. The activities described in Paragraph 1 through Paragraph 104 herein this Complaint respecting the Defendant's refusal to provide the Plaintiff pursuant to her request of April 4, 2012, for the evidence and documentation relied upon by and used as support for the issuance by the Architect of the Capitol of the March 30, 2012, termination letter of the Plaintiff based on the March 21, 2012 Interim Report of the OIG-AOC were unlawful retaliatory employment activities based on Plaintiff's prior and contemporaneous participation in federally protected activities in the Office of Compliance and the District Court and were taken by Defendant in violation of 2 U.S.C. 1317(a) of the CAA.

106. Defendant's repeated refusal to provide the Plaintiff of the evidence and documentation

relied upon by and used as support for the issuance by the Architect of the Capitol of the March 30, 2012, termination letter of the Plaintiff based on the March 21, 2012 Interim Report of the OIG-AOC, were unlawful retaliatory employment activities reasonably likely to deter and chill participation in federally protected activities.

107. There was a causal connection between Plaintiff's prior and contemporaneous participation in federally protected activities pursuant to her prosecution of *Swann I* and *Swann II* in the District Court and prosecution of Case No. 12-AC-36 in the Office of Compliance and Defendant's repeated refusal to provide the Plaintiff of the evidence and documentation relied upon by and used as support for the issuance by the Architect of the Capitol of the March 30, 2012, termination letter of the Plaintiff based on the March 21, 2012 Interim Report of the OIG-AOC; retaliatory employer conduct designed to deter the Plaintiff, from opposing discriminatory and retaliatory employment activities.

108. The effect of the retaliatory employment conduct taken by Defendant as set forth hereinabove in this Complaint was to adversely affect and alter the terms and conditions and privileges of Plaintiff's employment and her employment status within the instrumentality.

109. As a direct and proximate cause of the unlawful retaliatory employment activities taken as set forth hereinabove Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees, emotional distress and other damages.

**COUNT VII:  UNLAWFUL RETALIATION BASED ON PLAINTIFF'S
ON GOING PARTICIPATION IN FEDERALLY PROTECTED ACTIVITIES
IN UNLAWFUL VIOLATION OF 2 U.S.C. 1317(a) OF THE CAA:
REFUSAL TO PROVIDE THE PLAINTIFF,  PURSUANT TO HER REQUEST OF
APRIL 16, 2012, THE EVIDENCE AND DOCUMENTATION RELIED UPON BY AND
USED AS SUPPORT FOR THE ISSUANCE BY THE ARCHITECT OF THE CAPITOL
OF THE MARCH 30, 2012, TERMINATION LETTER OF THE PLAINTIFF
BASED ON THE MARCH 21, 2012 INTERIM REPORT OF THE OIG-AOC**

110. The Plaintiff incorporates by reference and makes a part hereof each and every allegation set forth in Paragraph 1 through Paragraph 109 of this Complaint as though fully set forth herein.

111. The activities described in Paragraph 1 through Paragraph 110 herein this Complaint respecting the Defendant's refusal to provide the Plaintiff pursuant to her request of April 16, 2012, for the evidence and documentation relied upon by and used as support for the issuance by the Architect of the Capitol of the March 30, 2012, termination letter of the Plaintiff based on the March 21, 2012 Interim Report of the OIG-AOC were unlawful retaliatory employment activities based on Plaintiff's prior and contemporaneous participation in federally protected activities in the Office of Compliance and the District Court and were taken by Defendant in violation of 2 U.S.C. 1317(a) of the CAA.

112. Defendant's repeated refusal to provide the Plaintiff of the evidence and documentation relied upon by and used as support for the issuance by the Architect of the Capitol of the March 30, 2012, termination letter of the Plaintiff based on the March 21, 2012 Interim Report of the OIG-AOC, were unlawful retaliatory employment activities reasonably likely to deter and chill participation in federally protected activities.

113. There was a causal connection between Plaintiff's prior and contemporaneous

participation in federally protected activities pursuant to her prosecution of *Swann I* and *Swann II* in the District Court and prosecution of Case No. 12-AC-36 in the Office of Compliance and Defendant's repeated refusal to provide the Plaintiff of the evidence and documentation relied upon by and used as support for the issuance by the Architect of the Capitol of the March 30, 2012, termination letter of the Plaintiff based on the March 21, 2012 Interim Report of the OIG-AOC; retaliatory employer conduct designed to deter the Plaintiff, from opposing discriminatory and retaliatory employment activities.

114. The effect of the retaliatory employment conduct taken by Defendant as set forth hereinabove in this Complaint was to adversely affect and alter the terms and conditions and privileges of Plaintiff's employment and her employment status within the instrumentality.

115. As a direct and proximate cause of the unlawful retaliatory employment activities taken as set forth hereinabove Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees, emotional distress and other damages.

**COUNT VIII: UNLAWFUL RETALIATION BASED ON PLAINTIFF'S ON GOING PARTICIPATION IN FEDERALLY PROTECTED ACTIVITIES IN UNLAWFUL VIOLATION OF 2 U.S.C. 1317(a) OF THE CAA: THE EXTENDED PLACEMENT OF THE PLAINTIFF ON ADMINISTRATIVE LEAVE FROM APRIL 13, 2012 - APRIL 30, 2013, PURSUANT TO THE MARCH 30, 2012, TERMINATION OF THE PLAINTIFF EFFECTIVE APRIL 13, 2012, BASED ON THE MARCH 21, 2012, INTERIM REPORT OF THE OIG-AOC**

116. The Plaintiff incorporates by reference and makes a part hereof each and every allegation set forth in Paragraph 1 through Paragraph 115 of this Complaint as though fully set forth herein.

117.  The activities described in Paragraph 1 through Paragraph 116 herein this Complaint

respecting the extended placement of the Plaintiff on administrative leave for the period of April

13, 2012 - April 30, 2012, pursuant to the March 30, 2013, termination of the Plaintiff effective April

13, 2012, based on the March 21, 2012 Interim Report of the OIG-AOC were unlawful retaliatory

employment activities based on Plaintiff's prior and contemporaneous participation in federally

protected activities in the Office of Compliance and the District Court and were taken by Defendant

in violation of 2 U.S.C. 1317(a) of the CAA.

118. The extended placement of the Plaintiff on administrative leave for the period of April

13, 2013  through April 30, 2012, pursuant to the March 30, 2013, termination of the Plaintiff

effective April 13, 2012, based on the March 21, 2012 Interim Report of the OIG-AOC was an

unlawful retaliatory employment activity reasonably likely to deter and chill participation in federally

protected activities.

119. There was a causal connection between Plaintiff's prior and contemporaneous

participation in federally protected activities pursuant to her prosecution of *Swann I* and *Swann II*

in the District Court and prosecution of Case No. 12-AC-36 in the Office of Compliance and the

extended placement of the Plaintiff on administrative leave for the period of April 13, 2012 through

April 30, 2012, pursuant to the issuance by Architect Ayers of his March 30, 2012 letter of

termination of the Plaintiff effective April 13, 2012, based on the March 21, 2012 Interim Report

of the OIG-AOC; retaliatory employer conduct designed to deter the Plaintiff, from opposing

discriminatory and retaliatory employment activities.

120. The effect of the retaliatory employment conduct taken by Defendant as set forth

hereinabove in this Complaint was to adversely affect and alter the terms and conditions and

privileges of Plaintiff's employment and her employment status within the instrumentality.

121. As a direct and proximate cause of the unlawful retaliatory employment activities taken as set forth hereinabove Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees, emotional distress and other damages.

**COUNT IX:  UNLAWFUL RETALIATION BASED ON PLAINTIFF'S ON GOING PARTICIPATION IN FEDERALLY PROTECTED ACTIVITIES IN UNLAWFUL VIOLATION OF 2 U.S.C. 1317(a) OF THE CAA: DEPRIVING PLAINTIFF OF A DUE PROCESS  OPPORTUNITY TO RESPOND TO THE "NEW" CHARGE SET FORTH IN AND USED AS THE BASIS FOR THE APRIL 23, 2012, LETTER TERMINATING THE PLAINTIFF, EFFECTIVE APRIL 30, 2012, ABSENT CAUSE IN SUPPORT THEREFOR**

122. The Plaintiff incorporates by reference and makes a part hereof each and every allegation set forth in Paragraph 1 through Paragraph 121 of this Complaint as though fully set forth herein.

123. The activities described in Paragraph 1 through Paragraph 122 herein this Complaint respecting Defendant's denying Plaintiff a due process opportunity to respond to the "new" charge set forth in and used as the basis for the April 23, 2013, termination of the Plaintiff effective April 30, 2012, absent cause in support therefor and based on said "new" charge were unlawful retaliatory employment activities based on Plaintiff's prior and contemporaneous participation in federally protected activities in the Office of Compliance and the District Court and were taken by Defendant in violation of 2 U.S.C. 1317(a) of the CAA.

124. Defendant's denying Plaintiff of a due process opportunity to respond to the "new" charge set forth in and used as the basis for the April 23, 2013, termination of the Plaintiff effective April 30, 2012, absent cause in support therefor and based on said "new" charge was an unlawful retaliatory employment activity reasonably likely to deter and chill participation in federally protected activities.

26

125. There was a causal connection between Plaintiff's prior and contemporaneous participation in federally protected activities pursuant to her prosecution of *Swann I* and *Swann II* in the District Court and prosecution of Case No. 12-AC-36 in the Office of Compliance and Defendant's denying Plaintiff of a due process opportunity to respond to the "new" charge set forth in and used as the basis for the April 23, 2013, termination of the Plaintiff effective April 30, 2012; retaliatory employer conduct designed to deter the Plaintiff, from opposing discriminatory and retaliatory employment activities.

126. The effect of the retaliatory employment conduct taken by Defendant as set forth hereinabove in this Complaint was to adversely affect and alter the terms and conditions and privileges of Plaintiff's employment and her employment status within the instrumentality.

127. As a direct and proximate cause of the unlawful retaliatory employment activities taken as set forth hereinabove Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees, emotional distress and other damages.

**COUNT X:  UNLAWFUL RETALIATION BASED ON PLAINTIFF'S
ON GOING PARTICIPATION IN FEDERALLY PROTECTED ACTIVITIES
IN UNLAWFUL VIOLATION OF 2 U.S.C. 1317(a) OF THE CAA:
DEPRIVING THE PLAINTIFF OF HER DUE PROCESS ENTITLEMENTS
PURSUANT TO CHAPTER 752 PURSUANT TO THE APRIL 23, 2012,
TERMINATION LETTER OF THE PLAINTIFF AND THE "NEW" CHARGE
CONTAINED THEREIN, ABSENT CAUSE AND SUPPORT THEREFOR**

128. The Plaintiff incorporates by reference and makes a part hereof each and every allegation set forth in Paragraph 1 through Paragraph 127 of this Complaint as though fully set forth herein.

129. The activities described in Paragraph 1 through Paragraph 128 herein this Complaint respecting the Defendant's depriving the Plaintiff of her entitlements due process and a due process

hearing pursuant to Defendant's Chapter 752 with respect to the April 23, 2012 letter terminating the Plaintiff pursuant to a "new" charge effective April 30, 2012, absent cause and support therefor, were unlawful retaliatory employment activities based on Plaintiff's prior and contemporaneous participation in federally protected activities in the Office of Compliance and the District Court and were taken by Defendant in violation of 2 U.S.C. 1317(a) of the CAA.

130. Defendant's depriving the Plaintiff of her entitlement to due process and a due process hearing pursuant to Defendant's Chapter 752 with respect to the April 23, 2012 letter terminating the Plaintiff pursuant to a "new" charge effective April 13, 2012, absent cause and support therefor, was an unlawful retaliatory employment activity reasonably likely to deter and chill participation in federally protected activities.

131. There was a causal connection between Plaintiff's prior and contemporaneous participation in federally protected activities pursuant to her prosecution of *Swann I* and *Swann II* in the District Court and prosecution of Case No. 12-AC-36 in the Office of Compliance and Defendant's depriving the Plaintiff of her entitlements to due process and a due process hearing pursuant to Defendant's Chapter 752 with respect to the April 23, 2012, letter terminating the Plaintiff pursuant to a "new" charge effective April 30, 2012, absent cause and support therefor and based on the March 21, 2012 Interim Report of the OIG-AOC; retaliatory employer conduct designed to deter the Plaintiff, from opposing discriminatory and retaliatory employment activities.

132. The effect of the retaliatory employment conduct taken by Defendant as set forth hereinabove in this Complaint was to adversely affect and alter the terms and conditions and privileges of Plaintiff's employment and her employment status within the instrumentality.

133. As a direct and proximate cause of the unlawful retaliatory employment activities taken

28

as set forth hereinabove Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees, emotional distress and other damages.

## COUNT XI:  UNLAWFUL RETALIATION BASED ON PLAINTIFF'S ON GOING  PARTICIPATION IN FEDERALLY PROTECTED ACTIVITIES IN UNLAWFUL VIOLATION OF 2 U.S.C. 1317(a) OF THE CAA: CREATION OF A HOSTILE WORK ENVIRONMENT

134. The Plaintiff incorporates by reference and makes a part hereof each and every allegation set forth in Paragraph 1 through Paragraph 133 of this Complaint as though fully set forth herein.

135.  The pattern of on going and continuing unlawful employment activities taken by Defendant's decisionmaking agents resulting in the allegations set forth in Paragraph 1 through Paragraph 134 of this Complaint and set forth in Count I through Count X of this Complaint were unlawful retaliatory employment activities based on Plaintiff's prior and contemporaneous participation in federally protected activities and were taken by Defendant in violation of 2 U.S.C. 1317(a) of the CAA.

136. There was a causal connection between Plaintiff's prior and contemporaneous participation in federally protected activities and the creation of a hostile work environment; retaliatory employer conduct designed to interfere, dissuade, chill and deter unfettered access to statutory remedial mechanisms by the Plaintiff and others from engaging in protected activities.

137. The effect of the unlawful retaliatory employment activities taken by Defendant as set forth hereinabove in this Complaint was to adversely affect and alter the terms and conditions and privileges of Plaintiff's employment and her employment status within the instrumentality.

138. As a direct and proximate cause of the unlawful retaliatory employment activities taken

as set forth hereinabove Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees, emotional distress and other damages.

WHEREFORE, Plaintiff prays the Court to:

1.  Declare the unlawful retaliatory employment activities complained of herein Count I through Count XI were in violation of 2 U.S.C. 1317(a) of the CAA.

2.  Direct Defendant to place Plaintiff in the position she would be in but for Defendant's unlawful retaliatory treatment of her and to make her whole for all earnings and benefits she would have received but for Defendant's unlawful and prohibited discriminatory and retaliatory treatment of the Plaintiff.

3.  Direct Defendant, with respect to Count I through Count X, to pay Plaintiff $300,000.00 in compensatory damages and damages consistent with 2 U.S.C. 1311(b) of the CAA.

4.  Award Plaintiff attorney's fees, costs and such other relief as the Court deems just and proper.

### JURY TRIAL DEMANDED

Plaintiff requests a jury demand.

Respectfully submitted,

Jeffrey H. Leib, Bar #89649
Attorney for Plaintiff
5104 34th Street, N.W.
Washington, D.C. 20008
(202) 362 - 0682
(202) 244 - 1120

July 15, 2013